IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK ELDER, #04060086, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1650-D |
| | ) | |
| JACOB HEATH WHITE, et al., | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are the following Dallas Police Officers: Officer Jacob Heath White, Officer Steven Moore, Officer Gibb, Officer Rippy, Officer Verbal, and Sgt. Johnson. The Court did not issue process in this case, pending preliminary screening. On August 25, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on September 7, 2005.

Statement of Case: The complaint, as supplemented by the answers to the magistrate judge's questionnaire, alleges the Defendants used excessive force and secretly planted drugs during the course of Plaintiff's arrest on August 17, 2004. (Complaint at 4 and answer to question 6 of the questionnaire). While Plaintiff was handcuffed, Defendants allegedly beat and

kicked him severely injuring him and causing him to lose consciousness. (Answer to question 6). As a result of the use of force, Plaintiff endured a three-by-three inch hole on the top of his head, a one-inch gash over his eye brow, a busted lip, a bruised face, and swollen wrists and ankles. (Answer to Question 13). He seeks compensatory and punitive damages. (Complaint at 4).

Following his arrest, Plaintiff was charged with assault on a public servant and delivery of a controlled substance in Criminal District Court No. 5 in Cause Nos. F04-55128 and F04-55127, for which he is presently awaiting a trial. (Answer to Questions 1 and 2). Plaintiff concedes that both charges arise out of the circumstances of the arrest at issue in this case. (Answer to Question 3).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

2

Plaintiff's claims against the arresting police officers for using excessive force and planting the drugs are subject to dismissal at the screening stage. Under Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck also applies pre-conviction to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); see also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir.1996) (noting in passing that Heck prevents the accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges); Escamilla v. Dallas Police Dep't, 2001 WL 1338302, *2 (N.D. Tex., Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of magistrate judge).[1]

The main focus of this case is that Defendants used excessive force in arresting Plaintiff and secretly planted drugs. In Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637 (5th Cir. Jun 14, 2004) (unpublished per curiam), the Fifth Circuit summarized its prior

---

[1] All circuits that have addressed this issue have concluded that Heck applies to pre-conviction as well as to post-conviction cases. See Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir. 1999).

decisions holding that a plaintiff's excessive force claim was barred by Heck.

> [W]e have held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999). We reached this holding after determining that Texas law permits an officer to use any force – even deadly force – to protect against an aggravated assault. Sappington, 195 F.3d at 237. Because any force was justified in response to an assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault. Id.

Id. 100 Fed. Appx. at 323, 2004 WL 1336637, at *2.

The same holds true in this case. Plaintiff asserts the Defendants viciously attacked him while he was in handcuffs, allegedly for no reason at all, and secretly planted drugs. (Answer to Question 6). These facts, if proved, would call into question any future conviction for delivery of a controlled substance or for assault on a public servant, including any a claim of self-defense which may be raised at trial. See Tex. Penal Code Ann. § 9.31(c)(1) (Vernon Supp. 2005) (use of force to resist arrest is justified only if, inter alia, the arresting officer uses "greater force than necessary" "*before* the actor offers any resistance"); Letson v. State, 805 S.W.2d 801, 805 (Tex.App.--Houston [14th Dist.] 1990, no pet.) (defendant required to show excessive force on part of police officer before justification of self-defense is available).

Therefore, this lawsuit implicates the validity of any future conviction for assault on a public servant and for delivery of a controlled substance and, as such, is barred by Heck. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) ("[A] claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). The District Court should dismiss Plaintiff's complaint as frivolous, but without prejudice to it being reasserted when the Heck conditions are met. See Clarke v. Stadler, 154

4

F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer, 123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the complaint as frivolous, See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), but without prejudice to it being reasserted when the conditions set out in Heck v. Humphrey are met.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of December, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.